UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>F. KELLY, et al.,<br><br>        Defendants. | No. 2:17-cv-1600-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2) |

Plaintiff is civilly committed and in the custody of the California Department of Corrections and Rehabilitation. He proceeds without counsel in an action brought under 42 U.S.C. § 1983. In addition to a complaint and a "supplemental" complaint, he has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C § 1915 and a motion for appointment of counsel. Plaintiff's application for leave to proceed in forma pauperis will be granted and his request for the appointment of counsel will be denied. The court will screen the original complaint pursuant to 28 U.S.C. § 1915(e)(2)[1] and direct the Clerk to strike the "supplemental" complaint.

/////

/////

---

[1] At this early stage in the proceedings, it is not clear whether plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915A(c).

1

**I.     Screening Requirement and Standards**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////
/////
/////
/////

**II. Screening Order**

The court has reviewed plaintiff's original complaint (ECF Nos. 1 & 2) pursuant to § 1915(e)(2) and finds that it must be dismissed with leave to amend.[2] The complaint includes four claims for relief, all purportedly violations of plaintiff's rights under the Eighth Amendment. In his first claim, plaintiff alleges that defendant Kelly, an appeals coordinator, and defendant Swarthout, a supervising psychologist, kept plaintiff's appeals to prevent him from pursuing further levels of review. He also alleges that they repeatedly cancelled his appeals as retaliation. In his second claim for relief, plaintiff alleges that defendant Natalie, a nurse, saw plaintiff swallow pills in an attempt to commit suicide but told other medical professionals that she had not seen anything. In his third claim for relief, plaintiff alleges that defendant Swarthout held onto plaintiff's administrative appeal in an effort to stop plaintiff from pursuing a section 1983 civil rights lawsuit. In his fourth claim for relief, plaintiff alleges that defendant Heist failed to follow the policy of the Office of Internal Affairs to resolve plaintiff's complaints regarding the processing of his administrative appeals.

Plaintiff fails to state a cognizable claim based upon the allegations that his administrative appeals were improperly processed or that his complaints regarding the same were not properly investigated. Inmates have no standalone rights with respect to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). And, although plaintiff labels his claims as Eighth Amendment violations, there are no allegations showing that any defendant acted with the requisite deliberate indifference for such a claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Peralta v. Dillard*, 744 F.3d 1076,

---

[2] Because there is no operative complaint to supplement, plaintiff's "supplemental" complaint cannot stand. Moreover, a party may only file a supplemental complaint with leave of court. *See* Fed. R. Civ. P. 15(d) ("the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). If the allegations in the "supplemental" complaint satisfy the joinder requirements set forth below, plaintiff may re-allege them in any amended complaint.

3

1087 (9th Cir. 2014) (*en banc*) (defendant's failure "to follow required procedures [for inmate appeals] isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner must prove both that the failure "put inmates at risk" and that the defendant "*actually knew* that his actions put inmates at risk").

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). If plaintiff intents to assert a retaliation claim, he must allege facts showing that defendants were aware of his prior engagement in protected conduct and that his protected conduct was "the 'substantial' or 'motivating' factor" behind their alleged misconduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

In addition, if plaintiff wishes to assert a First Amendment claim based on denial of access to the courts, he must show that a defendant actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

As for the claim against defendant Natalie – that she deliberately failed to report plaintiff's consumption of pills – it appears to be improperly joined in this action with the allegations about plaintiff's administrative appeals and defendants Kelly, Swarthout, and Heist. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving
/////

4

different defendants must be brought in separate lawsuits.[3] Further, the court notes that defendant Natalie is listed as a defendant in an earlier action filed by plaintiff, and that the earlier filed action concerns plaintiff's attempted suicide by swallowing pills. *See Hill v. Tyler*, 2:17-cv-1334-EFB, ECF No. 1. If the allegations against Natalie arise out of the same events giving rise to the first action, plaintiff's inclusion of claims against her in this action is duplicative and he should proceed with the claim against her in the action he initially commenced.

### III. Leave to Amend

Plaintiff will be granted leave to file an amended complaint in order to cure the deficiencies in his claims. Any amended complaint must also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

---

[3] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### IV. Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. 28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. Having considered those factors, the court finds there are no exceptional circumstances in this case.

### V. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.
3. Plaintiff's request for the appointment of counsel (ECF No. 7) is denied without prejudice.

/////

6

4. The Clerk of the Court is directed to strike plaintiff's "supplemental" complaint (ECF No. 8).

Dated: July 10, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE